IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00 CR 71

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT CHARLES BARNETTE | **ORDER** |

**THIS MATTER IS** before the Court upon Defendant Robert Charles Barnette's ("Barnette") Motion for Clarification of Restitution, (file doc. 24), filed August 18, 2004. The Government responded to this motion on September 15, 2004. Thus, the motion is ripe for disposition.

Barnette pled guilty to one count of bank robbery on October 26, 2000. On September 25, 2001, a criminal judgment was entered against Barnette, providing for 151 months imprisonment, with the requirement that he pay $4,539.00 in restitution, plus a $100.00 assessment. The Court recommended that Barnette participate in the Inmate Financial Responsibility Program ("IFRP").

Barnette now seeks to have this Court amend his Judgment and Commitment Order to allow him to postpone paying restitution until his release from incarceration. More specifically, Barnette would like to postpone his restitution payments without losing the privileges he receives, such as educational programs, as a result of his participation in the IFRP. In so requesting, Defendant relies on *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996), for the proposition that the District Court may not delegate to the Bureau of Prisons ("BOP") or a probation officer the responsibility to devise a restitution payment schedule.

As to the BOP, the Court did not delegate any authority to set a payment schedule to the

BOP during the period of incarceration or at any other time. Therefore, Defendant's motion in that regard will be denied. There is no relevant provision in the Judgment and Commitment Order ("J & C") to modify.

As to the probation office, the J & C did order in standard condition number three (3) that restitution be paid "on a schedule to be established by the probation officer." However, that condition affects Defendant only during the period of supervised release, not currently. Nevertheless, the Court will amend the J & C to reflect that any schedule of payments suggested by the probation officer will be subject to prior approval by the Court and will remain at all times subject to court supervision.

At the time of sentencing, the Court did not direct Barnette as to the specific requirements of his restitution payment schedule, other than recommending that he participate in the IFRP. When a Court does not provide for payment on a specific date or in installments, the payment is due immediately. 18 U.S.C. § 3572(d). A judgment requiring immediate payment is generally "interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *McGhee v. Clark*, 166 F. 3d 884, 886 (7th Cir. 1999) (citations omitted). And, "[n]othing bar[s] the BOP from ensuring pursuant to the IFRP that [a defendant] make good-faith progress toward satisfying his court-ordered obligations." *Id.* (citing *Miller*, 77 F. 3d at 77, for the proposition that "nonjudicial officers may perform tasks in support of judicial functions 'as long as a judicial officer retains and exercises ultimate responsibility'"). Such responsibility would be exercised in the case of complaints about the application of the IFRP by way of appeal to the District Court *after* full exhaustion of administrative remedies through the BOP.

From a factual perspective, the Court first notes that Barnette is only required to pay $25.00 per quarter toward his debt. (Gov't Ex. A.) In fact, the $25.00 required of Barnette is actually the minimum amount which an inmate must pay per quarter to participate in the IFRP. 28 C.F.R. § 545.11(b)(1). Perhaps most noteworthy is the fact that this program is not mandatory, Barnette voluntarily agreed to participate, probably because of the many extra privileges allowed inmates who do participate. 28 C.F.R. § 545.11(d); Gov't Ex. A. Further, it is apparent from the records of Barnette's prison account, which were provided by the Government, that paying $25.00 per quarter is not a financial hardship on Barnette. Gov't Ex. B.

After reviewing the above-cited law and factual information regarding Barnette's Inmate Trust Account and financial situation, the Court finds that Barnette's monetary obligations should not be deferred until his term of supervised release begins. Assuming (without deciding) that the Court has the power to order such deferral, the Court finds no basis justifying deferral.

After reviewing the payment schedule to which Barnette agreed under the IFRP, the Court finds those terms to be reasonable and appropriate in light of Barnette's circumstances.

Finally, because the Court has found the payment schedule under the IFRP to be both reasonable and appropriate, there is no need to reach the question of whether Barnette would continue to be entitled to the benefits of that program if he were no longer participating through regular restitution payments.

**IT IS, THEREFORE, ORDERED** that Barnette's Motion for Clarification of Restitution is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **AMEND** Barnette's

Judgment as directed. On page four of the above-captioned Defendant's "Judgment and Commitment Order," under the heading of "FINE," under the section waiving the interest requirement, the Clerk shall **add** the following: "Any directive by the Probation Office concerning the scheduling of restitution payments during supervised release is subject to supervision by the Court."

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge